### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:**

RACHEL SHAW,

    Plaintiff,

v.

CREDITORS FINANCIAL GROUP, LLC, a New York limited liability company,

    Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for any pendent state law claims or issues.

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4. Plaintiff, Rachel Shaw, is a natural person who resides in the City of Colorado Springs, County of El Paso, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Creditors Financial Group, LLC, is a New York limited liability company and a collection agency operating from an address at 3131 S. Vaughn Way, Suite 120, Aurora, Colorado, 80014, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6. Sometime before December 2006 the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal revolving charge account owed to Chase (hereinafter the "Account").

7. Due to circumstances beyond the Plaintiff's control the Account was not paid by the Plaintiff and it went into default with the creditor.

8. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

9. On or about January 2007 a representative, employee and / or agent of the Defendant called the Plaintiff's father's residence and left a message on the answering machine while attempting to collect the Account. This phone call and answering machine message each individually constituted a "communication" as defined by FDCPA §1692a(2).

10. The message stated: This message is intended for Rachel Shaw, please call CFG at 1-877-298-2251 extension 3279, regarding reference number 5416050. If we do not hear from you by 9:30 pm Eastern Standard Time legal action will be taken. These actions constitute violations of the FDCPA including but not limited to 1692c(b), 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(5), e(7), e(10), e(11) and 1692f preface.

11. In response to the above message on or about January 2007, the Plaintiff's father, William Shaw, called the Defendant and was connected to an unknown representative, employee and / or agent of the Defendant. This phone call constituted a "communication" as defined by FDCPA §1692a(2).

12. Mr. Shaw told the unknown collector that he was the Plaintiff's father, that the Plaintiff did not live with him and could not be reached at his number.

13. The unknown collector stated that they had been trying to contact the Plaintiff, that they had been unsuccessful reaching her and that they were trying family members to contact her.

14. The unknown collector stated that he was trying to contact the Plaintiff concerning a credit card balance that was owed in the amount of $2,400.00. These actions constitute violations of the FDCPA including but not limited to 1692c(b), 1692d preface, 1692e preface, e(10) and 1692f preface.

15. Mr. Shaw asked how much of that was fees that had been added by the Defendant.

16. The unknown collector stated that $900.00 were fees that had been added but that the Account could be settled for $1,500.00. These actions constitute violations of the FDCPA including but not limited to 1692d preface, 1692e preface, e(10), 1692f preface and f(1).

17. Mr. Shaw told the unknown collector that he would try to get ahold of the Plaintiff and have her give them a call.

18. On or about January 2007 in response to a message from her father regarding the above phone call the Plaintiff called the Defendant and was connected to an unknown representative, employee and / or agent of the Defendant. This phone call constituted a "communication" as defined by FDCPA §1692a(2).

19. The unknown collector stated that the Account had to be paid in full.

20. The Plaintiff stated that she could not pay the Account.

21. The unknown collector stated that the Plaintiff needed to contact her father and borrow the money from him. The unknown collector stated that the Plaintiff's father told them that he would be willing to pay the balance on a recorded conversation. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(10) and 1692f preface.

22. The Plaintiff asked if she could make monthly payments.

23. The unknown collector stated that the Plaintiff could not make monthly payments and stated that if the Plaintiff could not come up with the balance in full she would need to contact an attorney because the Defendant would take her to Court and that she would have to pay the fees that would be added onto the balance.

These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(5), e(7), e(10), 1692f preface and f(1).

24. In response to the above phone call on or about January 2007 the Plaintiff's father, William Shaw, called the Defendant and was connected to an unknown representative, employee and / or agent of the Defendant. This phone call constituted a "communication" as defined by FDCPA §1692a(2).

25. Mr. Shaw asked if he could make payment arrangements on the Plaintiff's account.

26. The unknown collector stated that charges had been filed in El Paso County Court against the Plaintiff for credit card fraud. The unknown collector explained that in the state of Colorado if a credit card account is opened and less than 10 payments are made, that is considered credit card fraud. The unknown collector stated that the Plaintiff had only made six payments. These actions constitute violations of the FDCPA including but not limited to 1692c(b), 1692d preface, d(1), d(2), 1692e preface, e(2)(A), e(3), e(5), e(7), e(10) and 1692f preface.

27. The unknown collector read the Plaintiff's credit report to Mr. Shaw telling him that the Plaintiff also had a $15,000.00 hospital bill on her credit report that had not been paid. These actions constitute violations of the FDCPA including but not limited to 1692c(b), 1692d preface, 1692e preface, e(10) and 1692f preface.

28. Mr. Shaw eventually agreed to pay $1,500.00 in four monthly payments on the Plaintiff's account.

29. The Defendant has not filed any legal action(s) against the Plaintiff.

30. The Defendant has not filed any criminal charges against the Plaintiff.

31. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

32. The Defendant and its representatives, employees and / or agents above listed statements constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(b).

33. The Defendant and its representatives, employees and / or agents above listed statements constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(1) and d(2).

34. The Defendant and its representatives, employees and / or agents above listed statements constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10) and e(11).

35. The Defendant and its representatives, employees and / or agents above listed statements involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(1).

36. The Defendant's actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying her alleged debt.

37. The Defendant's actions as well as that of its representatives, employees and / or agents were willful, wanton and malicious violations of the FDCPA.

38. The Defendant's actions as well as that of its representatives, employees and / or agents were negligent violations of the FDCPA.

39. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## COUNT I, FDCPA VIOLATIONS

40. The previous paragraphs are incorporated into this Count as if set forth in full.

41. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692c(b), 1692d preface, d(1), d(2), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), e(11), § 1692f preface and f(1).

42. The Defendant's violations are negligent.

43. The Defendant's violations are multiple, willful and intentional.

44. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## COUNT II, RESPONDEAT SUPERIOR

45. The previous paragraphs are incorporated into this Count as if set forth in full.

46. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

47. The negligence and actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

48. As a direct and proximate result of the aforesaid negligence and actions, the Plaintiff has suffered the aforementioned damages.

## COUNT III, INVASION OF PRIVACY
## UNREASONABLE INTRUSION UPON THE SECLUSION OF ANOTHER

49. The previous paragraphs are incorporated into this Count as if set forth in full.

50. The Defendant and its representatives, employees and / or agents intentionally intruded, physically or otherwise, upon the Plaintiff's solitude and seclusion by calling the Plaintiff's father and leaving a message on his answering machine threatening to take legal action against the Plaintiff if they did not hear back from the Plaintiff that day, telling the Plaintiff's father that they were calling regarding the Plaintiff's $2,400.00 credit card balance, reading the Plaintiff's credit report to the Plaintiff's father, telling the Plaintiff that she needed to contact an attorney because the Defendant was going to take her to Court and she would have to pay the fees that would be added on to the balance, telling the Plaintiff's father that charges had been filed against the Plaintiff in El Paso County for credit card

      fraud and telling the Plaintiff's father that the Plaintiff had a $15,000.00 hospital bill on her credit report that had not been paid.

51. The Defendant and its representatives, employees and / or agents intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt that would be very offensive to a reasonable person in that position.

52. The Plaintiff had a reasonable expectation of privacy in the Plaintiff's solitude, seclusion, and / or private concerns or affairs.

53. The above listed intentional intrusion upon the Plaintiff by the Defendant and its representatives, employees and / or agents occurred in a way that would be highly offensive by a reasonable person.

54. The Plaintiff has been harmed because of the Defendant's invasion of privacy and has damages as a result of the invasion of privacy by the Defendant including but not limited to: emotional distress, loss of sleep, loss of enjoyment of life, humiliation and embarrassment because of such invasions of privacy by this Defendant.

55. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under state and federal law, including actual damages under 15 USC §1692k(a)(1).

2. Statutory damages under 15 USC §1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC §1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
Attorney for the Plaintiff
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006

Address of the Plaintiff:
4826 Trailmark Loop
Colorado Springs, CO 80916